TAPPAN, *Appellant, v.* TAPPAN.

A bequest of " all the rest, residue and remainder of my estate, whether real, personal, or mixed, in C. aforesaid, wheresoever being," does not constitute the legatee a residuary legatee, entitled to give bond to pay debts and legacies.

A residuary bequest to one of two executors, who both act, does not authorize such legatee, nor both the executors to give such bond.

Two witnesses were necessary to a probate bond, under the statute of 1822.

The judge of probate has no authority to settle the account of an executor against the estate of his testator, until the executor has given bond according to law.

APPEAL from a decree of the judge of probate for the county of Sullivan.

On the 20th day of April, 1837, John Tappan made his last will and testament, of that date. By his will, after various legacies and devises, he devised as follows:

" Item: all the rest, residue and remainder of my estate,

whether real, personal, or mixt, in Claremont aforesaid, wheresoever being, after payment of my just debts, I give, devise and bequeath to my son, John W. Tappan.

Lastly, I hereby constitute and appoint Weare Tappan, of Bradford, in the county of Merrimack, in said State, and my son, John W. Tappan, executors of this my last will and testament. It is my request and direction, that the executor first named should pay particular attention to the transaction of the business, and the settlement of the estate."

On the 5th of September, 1837, a codicil was made, and at a court of probate for the county of Sullivan, holden at Newport on the 17th of October, 1837, upon the oath of one of the attesting witnesses, the will and codicil were proved and allowed, and on the same day letters of administration were duly issued by said court, constituting Weare Tappan and John W. Tappan executors of the will of said John Tappan.

On the same day said Weare Tappan, and John W. Tappan, and one Uriel Jackson as their surety, gave bond in a penalty of $100,000, to the said judge of probate, conditioned that if the said Weare and John W., who were nominated and allowed to be executors of the last will and testament of John Tappan, late of Claremont, &c., and who had accepted that trust, shall well and truly pay all debts due from said testator at the time of his decease, and all charges of his funeral, and all the legacies and bequests given in and by the same will, &c., the obligation shall be void.

No other bond was ever given by either of said executors.

At the May term of the probate court for the county of Sullivan, in 1851, Weare Tappan presented to the court, after due notice, an administration account, in which he charged himself with $3,882.13, and claimed credits due to himself for $5,485, and expenses of administration, $1748.50. The hearing was adjourned to the 16th day of July, 1851, when it was decreed by the judge, as follows :

The court are of opinion that they have no jurisdiction over the account of Weare Tappan, presented for settlement, and decree that the same be dismissed.

From this decree the said Weare Tappan, on the 19th of August, 1851, claimed an appeal, and gave bond to prosecute the same, and sets forth his reasons for said appeal, as follows:

1. Because the said Weare Tappan and John W. Tappan were appointed executors of the last will of said John Tappan, deceased, which will was proved, &c., and on the same day they gave bond, as required by law, and to the satisfaction of the probate court, and letters of administration were duly granted to them, the said Weare and John W., and the said Weare has acted under the same as one of such executors.

.2. Because it is lawful and proper that the transactions and claims affecting the interests of said Weare Tappan, and the estate of said deceased, whether controverted or not, should be considered and settled in the probate court, and that the reasonable commissions and compensation for services and expenses, as such executor, should be adjusted and allowed by the judge of probate.

3. Because, if said decision or decree shall not be reversed, said Weare Tappan, executor as aforesaid, would be deprived of his legal and equitable rights as such executor.

In the appeal, the appellant states that the judge of probate denied that the said Weare Tappan was one of the executors of the will of said John Tappan, deceased, though this fact does not appear on the face of the record of the decree.

*W.* and *M. W. Tappan,* for the appellant.

*Cushing, Metcalf* and *Snow,* for the appellee.

BELL, J. Upon the facts appearing in this case, the question arises, how far Weare Tappan is entitled to be regarded as executor of the will of John Tappan, and to avail himself of the rights of an executor, in relation to his personal claims against the estate, and his claims for services, expenses, and commissions, in the capacity of executor.

The statute provisions on this subject, applicable to this case,

occurring before the passage of the Revised Statutes, are found in the Statute of 1822, (Laws, Ed. 1830,) pages 332 and 333. They are as follows:

" Sec. 2. Administration shall be granted to the executor or executors named in the will, being of age, and capable, if he or they will accept the trust.

" Sec. 3. No person shall intermeddle with the estate of any person deceased, or act as the executor or administrator thereof, or be considered as having that trust, until such person shall have given bond to the judge of probate, with sufficient sureties in a reasonable sum, upon condition, among other things, to return to the said judge a true and perfect inventory of the estate of the deceased, upon oath, within three months from the date of the bond, to administer the estate according to law, and to render to the said judge a full account of administration, upon oath, within one year; and to pay and deliver all the rest and residue of the estate, &c., as the judge, &c., shall appoint, &c. Provided, however, that if the executor to whom administration shall be granted, be also a residuary legatee, a bond with sufficient sureties may be taken from him, with condition only to pay the funeral charges, debts and legacies, and to render upon oath an account of his proceedings therein, when thereto lawfully required."

These provisions are substantially the same now found in chap. 158 of the Revised Statutes.

The statute makes but one exception to the rule that every executor shall give bond to administer according to law; the case of the executor to whom administration is granted, and who is also residuary legatee.

The appellant, clearly, was not such a residuary legatee. He could not intermeddle with the estate, or act as executor, or be considered as having that trust, until he has given a bond in the usual form, to administer the estate according to law.

The other executor of this will, John W. Tappan, was not residuary legatee. The rest and residue of the estate, " in Claremont, aforesaid, wheresoever being," was given to him, but

neither the court of probate, nor this court, can know that this is the residue of all the estate. Neither is he, in the language of the statute, " the executor to whom administration shall be granted," since his administration is not granted to him, but jointly to him and the appellant. It cannot be necessary to suggest that the statute could not have contemplated bonds to be given by two executors, subjecting them to different and inconsistent duties and liabilities. John W. Tappan, then, having given no bond, such as the statute requires, cannot be regarded as having the trust of executor.

The bond is, besides, fatally defective and insufficient as to both the executors, for the reason suggested by the appellant's counsel, that it has but a single surety, while the statute, in express terms, requires *sureties.*

The position of the case, then, is this : the will has been proved, and a decree has passed that the executors named in the will be appointed to that trust upon their giving bond according to law. The only bond they could lawfully give, was to return an inventory, and administer the estate according to law. They have given no such bond. Their authority, inchoate by the will, remains in suspense, and so must remain, until such bond is given. The claim of the appellant was for the allowance of his private claim against the estate, and for the balance of his account as executor. The judge of probate had power to adjust and allow the accounts of executors against the estates they were empowered to administer, and no others. The appellant could not " be considered as having the trust" of executor, because he had not given bond as required by law. The judge of probate has no jurisdiction, and therefore properly dismissed the claim.

The appellant having been appointed executor, has only to comply with the condition prescribed by the law, and he will then have the right to act as such, and must be considered as such, and it will afterwards be the duty, and within the jurisdiction of the judge, to allow any account which he may rightfully have against the estate.

*Appeal dismissed.*